1  ALEXANDER B. CVITAN (SBN 81746)
   E-mail: alc@rac-law.com
2  MARSHA M. HAMASAKI (SBN 102720)
   E-mail: marshah@rac-law.com;
3  PETER A. HUTCHINSON (SBN 225399), and
   E-mail: peterh@rac-law.com,
4  REICH, ADELL & CVITAN, A Professional Law Corporation
   3550 Wilshire Blvd., Suite 2000
5  Los Angeles, California 90010-2421
   Telephone: (213) 386-3860; Facsimile: (213) 386-5583
6
7  Attorneys for Plaintiff

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, a Delaware limited liability company, | CASE NO.: |
| 13 | **COMPLAINT FOR:** |
| 14              Plaintiff, | **1.   BREACH OF COLLECTIVE BARGAINING AGREEMENT** |
| 15       v. | **2.   DAMAGES FOR BREACH OF FIDUCIARY DUTIES** |
| 16  BONITA PIPELINE, INC., a California corporation;  FRANCISCO JAVIER MARQUEZ, an individual; LAURA ROSAS MARQUEZ, an individual; ORTIZ CORPORATION, a California corporation; INTERNATIONAL FIDELITY INSURANCE COMPANY, a New Jersey corporation; DOE 1 through DOE 5, inclusive, | **3.   FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF** |
| | **4.   MONETARY DAMAGES THROUGH ENFORCEMENT OF PAYMENT BONDS** |
| 21              Defendants. | [29 U.S.C. §§ 185, 1109, 1132(g)(2) and 1145; 29 U.S.C. § 1132(a)(3); 29 U.S.C. § 185; 28 U.S.C. § 1367(a)] |

23

24         Plaintiff, CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN

25  CALIFORNIA ADMINISTRATIVE COMPANY, a Delaware limited liability

26  company, ("CLTF") alleges:

27  / /

28  / /

-1-

348690.1

## JURISDICTION AND VENUE

1.     This action is brought by a fiduciary administrator on behalf of employee benefit plans to collect monthly fringe benefit contributions due such plans in accordance with the terms and conditions of the plans, the collective bargaining agreement between the employer and a labor organization, and pursuant to statutes, as well as for breach of fiduciary duty to the plans against the employer and its principal. This action will further seek recovery against payment bonds on public works projects for portions of the compensation in the form of contributions owed by employer to its employees payable to the plans, pursuant to State Law.  This Court has jurisdiction over Claims 1 through 3 pursuant to sections 502(g)(2) and 515 of the Employee Retirement Income Security Act (ERISA) (codified at 29 U.S.C. §§ 1132(g)(2) and 1145); section 502(a)(3) of ERISA (codified at 29 U.S.C. § 1132(a)(3)); and section 301 of the Labor Management Relations Act (LMRA) (codified at 29 U.S.C. § 185). This Court has supplemental jurisdiction over Claim 4 pursuant to 28 U.S.C. § 1367(a) as all claims arise from a common core of transactions, and seek payment of overlapping damages.  Pursuant to section 502(e)(2) of ERISA (codified at 29 U.S.C. § 1132(e)(2)), venue is proper in this district as the the employer's performance and breach took place in this district and the plans are administered in this district.

## PARTIES

2.     CLTF is an administrator of, agent for collection for, a fiduciary to, and brings this action on behalf of, the following employee benefit plans: Laborers Health And Welfare Trust Fund For Southern California, Construction Laborers Vacation Trust For Southern California, Laborers Training And Re-Training Trust Fund For Southern California, Center For Contract Compliance, Laborers' Trusts Administrative Trust Fund For Southern California, San Diego County Construction Laborers Pension Trust Fund, San Diego Construction Advancement Fund 2003, and Southern California Partnership For Jobs Trust Fund (hereinafter referred to

348690.1

collectively as "TRUST FUNDS").   The TRUST FUNDS are express trusts created by written agreement, an employee benefit plan within the meaning of section 3(3) of ERISA (29 U.S.C. § 1002(3)), and a multi-employer plan within the meaning of section 3(37)(A) of ERISA (29 U.S.C. § 1002(37)(A)).  Each of the TRUST FUNDS exists pursuant to ERISA and section 302 of the LMRA (29 U.S.C. § 186).  CLTF and the TRUST FUNDS' (collectively hereinafter referred to as "Plaintiff") principal places of business are in the County of Los Angeles, State of California.

3.     CLTF is a fiduciary as to the TRUST FUNDS, in that it:

A.     Exercises discretionary authority or discretionary control respecting the collection of delinquent (or possibly delinquent) fringe benefit contributions to the TRUST FUNDS, including but not limited to discretion in auditing employers, deciding what claims to assert, acting as agent of the TRUST FUNDS in asserting claims, waiving liquidated damages, settling claims, and releasing claims; and

B.     Exercises authority or control respecting management or disposition of assets of the TRUST FUNDS, including but not limited to, receiving delinquent contributions collected and holding them in a bank account in its own name over which it has check-writing authority, and then exercising discretion in allocating those assets among the different TRUST FUNDS, different participants, different time periods and different jobs.

4.     Plaintiff is informed and believes and thereon alleges that Defendant, BONITA PIPELINE, INC., ("EMPLOYER"), is a California corporation organized and existing under and by virtue of the laws of the State of California and is engaged in business in the State of California with its principal place of business in the City of Chula Vista, County of San Diego, State of California and does, or at all relevant times did, business in the State of California as a construction contractor in an industry affecting interstate commerce.

-3-

5.      Plaintiff is informed and believes, and on that basis alleges, that Defendant, FRANCISCO JAVIER MARQUEZ, an individual, ("F MARQUEZ") is and has been at all times mentioned herein, an individual who is engaged in business in the City of Chula Vista, County of San Diego and who may also reside therein and is a principal, responsible managing officer and Chief Executive Officer of the EMPLOYER.

6.      Plaintiff is informed and believes, and on that basis alleges, that Defendant, LAURA ROSAS MARQUEZ, an individual ("L MARQUEZ")  and has been at all times mentioned herein, an individual who is engaged in business in the City of Chula Vista, County of San Diego and who may also reside therein and is the Secretary and Chief Financial Officer of the EMPLOYER.

7.      Plaintiff is informed and believes and thereon alleges that ORTIZ CORPORATION, ("ORTIZ")  is a California corporation organized and existing under and by virtue of the laws of the State of California and is and/or was engaged in business in the State of California with its principal place of business in the City of National City, County of San Diego, State of California and was the general contractor of EMPLOYER on a public works projects for the CITY OF SAN DIEGO and at all relevant times did, business in the State of California as a construction contractor in an industry affecting interstate commerce.

8.      Plaintiff is informed and believes and thereupon alleges that Defendant, INTERNATIONAL FIDELITY INSURANCE COMPANY ("FIDELITY.") is a New Jersey corporation, licensed and authorized to perform and transact a surety business in the State of California, with its principal place of business in the City of Newark, State of New Jersey.

9.      The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants named herein as DOE 1 through DOE 5, inclusive are unknown to Plaintiff, who therefore sue said Defendants by such fictitious names, and Plaintiff will amend this Complaint to show their true names and capacities when the

348690.1

same have been ascertained.

## OTHERS

10.     The City of San Diego ("CITY") is a public agency as defined in Cal. Civ. Code § 8036.  The CITY is not a party to this action.

11.     The Southern California District Council of Laborers and its affiliated Local Unions, including Local No. 89  (collectively "UNION") is, and at all relevant times was, a labor organization representing employees affecting interstate commerce. The UNION is not a party to this action.

12.     The persons listed in the attached Exhibits "1", "2", "3" are or were employees of EMPLOYER who performed work on projects for the CITY identified on said Exhibits and in paragraphs 53 et seq., below during the periods indicated therein.  Said persons listed on Exhibits "1", "2" and "3" shall be hereinafter referred to as "LABORERS".  Each of the LABORERS is a "laborer" within the meaning of Cal. Civ. Code § 8024.  The LABORERS are not parties to this action.

## INDIVIDUAL DEFENDANT

13.     Plaintiff is informed and believes and thereon alleges that at all times material herein, that F. MARQUEZ and L. MARQUEZ (collectively "F&L MARQUEZ") were and/or continue to be fiduciaries and/or parties in interest to the TRUST FUNDS as defined in 29 U.S.C. §§ 1002(14), and 1002(21)(A), for the reasons more fully described below and in the Second Claim for Relief.

14.     Plaintiff is informed and believes and thereon alleges that F&L MARQUEZ inclusive are responsible for running the day to day operations of EMPLOYER and are responsible for decisions pertaining to the reporting and payment of contributions to the TRUST FUNDS, and that they personally maintained control of those funds which should have been turned over to the TRUST FUNDS.

15.     Plaintiff is informed and believes and thereon alleges that at all times herein, F&L MARQUEZ are majority shareholders of EMPLOYER and/or the

-5-

348690.1

beneficial owners of EMPLOYER.

16.     Plaintiff is informed and believes and thereon alleges that F&L MARQUEZ acted on behalf of and in the interest of EMPLOYER in all aspects of labor relations and in EMPLOYER'S dealings and relations with the TRUST FUNDS, and the UNION.

17.     Plaintiff is informed and believes and thereon alleges that F&L MARQUEZ inclusive acted on behalf of EMPLOYER and in the interest of EMPLOYER in determining which employees EMPLOYER would report to the TRUST FUNDS, the number of hours upon which contributions would be reported as owing, and the amount and timing of contributions to be paid to the TRUST FUNDS.

## FIRST CLAIM FOR RELIEF

**(Against the EMPLOYER for Monetary Damages**
**Due to Employee Benefit Plans)**

18.     Plaintiff repeats and realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 17, above.

## AGREEMENTS

19.     EMPLOYER became bound to agreements with the UNION known as the "Laborers' Public Work Project Agreement" ("PROJECT AGREEMENT") for a project  known as "MCTC 6 Stations (various locations)" effective on the date EMPLOYER commenced work on the project covered by the PROJECT AGREEMENT, and the "Laborers' Short-Form Agreement for the Construction Industry" ("SHORT FORM") effective on or about March 6, 2018, which bind EMPLOYER to the UNION'S Construction Master Labor Agreements for Southern California and San Diego (collectively "MLA").   At all times material herein, EMPLOYER has been and continues to be bound by the MLA relating to its work

under the PROJECT AGREEMENT through March 5, 2018 and thereafter for work under the PROJECT AGREEMENT and on all other projects within the geographical jurisdiction of the MLA.  The MLA continues to remain in effect.

20.     Pursuant to the PROJECT AGREEMENT, SHORT FORM and MLA, EMPLOYER became obligated to all the terms and conditions of the various Trust Agreements which created each of the TRUST FUNDS as they may be constituted in their original form or as they may be subsequently amended.  The referenced Agreements will be collectively referred to as "AGREEMENTS".

21.     The AGREEMENTS obligate EMPLOYER to pay fringe benefit contributions at the rates set forth in the AGREEMENTS for each hour worked (or paid for) by employees performing services covered by the AGREEMENTS ("MONTHLY CONTRIBUTIONS").  The EMPLOYER is additionally required to submit monthly reports with these MONTHLY CONTRIBUTIONS, detailing the name, address, social security number and hours worked that month for each employee covered by the AGREEMENTS and those monthly reports are required to be submitted even where there are no employees to report for the reporting period. The TRUST FUNDS depend on the truth and accuracy of this information, in order to not only determine the correct amount of MONTHLY CONTRIBUTIONS due, but to fulfill their own fiduciary duties to properly credit participants towards the benefits provided by the TRUST FUNDS.  Those MONTHLY CONTRIBUTIONS constitute assets of the TRUST FUNDS, pursuant to the terms of the AGREEMENTS and applicable law, from the time they are due and can be reasonably segregated from other funds.  The Trustees of the TRUST FUNDS have a fiduciary duty to marshal those assets so that they may be applied for the benefit of the participants and beneficiaries in accordance with the various Trust Agreements.

22.     The AGREEMENTS obligate EMPLOYER, and any of its subcontractors or lower-tiered subcontractors, to subcontract work covered under the Agreements to those subcontractors who are parties to Agreements with the UNION,

and failure to do so will result in damages to the TRUST FUNDS and EMPLOYER will be financially obligated to the TRUST FUNDS for the damages caused therefrom, including amounts measured by the fringe benefit MONTHLY CONTRIBUTIONS, liquidated damages, and interest that would be owed by the subcontractor if signatory to the AGREEMENT.

23.     The AGREEMENTS further provide that if EMPLOYER subcontracts work to and/or if its subcontractor(s) or lower-tiered subcontractors, subcontracts work covered under the AGREEMENTS to any subcontractor who is delinquent in its obligations to the TRUST FUNDS under its AGREEMENTS, then EMPLOYER will be financially obligated to the TRUST FUNDS for the amounts owed by said delinquent subcontractor, including any fringe benefits, liquidated damages and interest owed.

24.     By the AGREEMENTS and pursuant to 29 U.S.C. § 1132(g)(2)(C), EMPLOYER is obligated to pay to the TRUST FUNDS, as and for liquidated damages for detriment caused by the failure of EMPLOYER to pay fringe benefit MONTHLY CONTRIBUTIONS in a timely manner, a sum equal to $25.00 or twenty percent (20%) of the unpaid MONTHLY CONTRIBUTIONS or interest on the unpaid MONTHLY CONTRIBUTIONS at rates established pursuant to the AGREEMENTS from their respective due dates, whichever is the greater amount, for each of the TRUST FUNDS to which EMPLOYER is required to contribute.

25.     By the AGREEMENTS and pursuant to 29 U.S.C. § 1132(g)(2)(B), EMPLOYER is obligated for payment of interest on delinquent MONTHLY CONTRIBUTIONS from the due date of the contribution through the payment date of the contribution, at the per annum rate of five percent (5%) over the rate set by the Federal Reserve Board at San Francisco, California, effective on the date each contribution is due.

26.     The AGREEMENTS and ERISA provide the TRUST FUNDS with specific authority to examine and copy all of EMPLOYER'S payroll and business

-8-

348690.1

records which may be pertinent to determining whether EMPLOYER has reported all hours worked (or paid for) by employees who perform services covered under the AGREEMENTS and has paid the appropriate MONTHLY CONTRIBUTIONS to the TRUST FUNDS, and that the EMPLOYER shall be responsible for the costs of such audit.

## BREACH OF AGREEMENTS

27.    Plaintiff is informed and believes and based on such information and belief alleges that EMPLOYER employed workers who performed services covered by the AGREEMENTS and failed to pay the rates specified in the AGREEMENTS to TRUST FUNDS on behalf of those workers for each hour worked (or paid for) by employees performing services covered by the AGREEMENTS.  Due to EMPLOYER'S continuing obligation to submit timely accurate monthly contribution reports additional amounts may be discovered and become due and owing by EMPLOYER have not yet been ascertained at this time.  Said amounts including MONTHLY CONTRIBUTIONS, liquidated damages, subcontracting violations, interest, and audit fees will be established by proof at the trial or other hearing.

28.    All conditions to EMPLOYER'S obligations to make payments under the AGREEMENTS have been met.

## DAMAGES

29.    As a result of EMPLOYER'S failure to pay the rates specified in the AGREEMENTS, Plaintiff is informed and believes and thereupon alleges that there is now owing and unpaid to the TRUST FUNDS from EMPLOYER, during the period from November 2017 to August , damages in the sum of at least $45,998.90 consisting of $32,173.64  in unpaid MONTHLY CONTRIBUTIONS, $15,716.14 in liquidated damages, $1,280.00 in audit fees; and $829.12 in interest on the late and/or unpaid MONTHLY CONTRIBUTIONS owed to the TRUST FUNDS through October 18, 2018, plus additional accrued interest at the plan rate(s), currently 7.75% per annum,

348690.1

until payment of the contribution is made, less a credit of $4,000.00,  as well as any additional MONTHLY CONTRIBUTIONS, liquidated damages, subcontracting violations, audit fees and interest on the additional amounts owed at the plan rate(s), currently 7.75% per annum,  according to proof at the time of trial or other hearing.

30.    The failure of the EMPLOYER to pay MONTHLY CONTRIBUTIONS when due causes harm to the TRUST FUNDS and its participants, which is impractical to accurately quantify.  This may include the cost of collecting the MONTHLY CONTRIBUTIONS from the EMPLOYER or third parties (not including the costs of this litigation), the cost of special processing to restore benefit credits because of late MONTHLY CONTRIBUTIONS, the temporary loss of insurance coverage by employees (even if later restored) and medical harm to participants and beneficiaries who may have foregone medical care when notified that medical insurance ceased because of their employer's failure to pay MONTHLY CONTRIBUTIONS.  The liquidated damages provision of the AGREEMENTS was meant to compensate for this unquantifiable loss, and is based on the ratio of collection costs over amounts collected, regularly reported to the Trustees.  The Trustees of the TRUST FUNDS have the authority, in their discretion, to waive all or part of these liquidated damages.  In this case, they have exercised their discretion by declining to waive any liquidated damages.

31.    It has been necessary for the TRUST FUNDS to engage counsel to bring this action to compel compliance with the AGREEMENTS which provide that in the event litigation is necessary with respect to any of the fringe benefit MONTHLY CONTRIBUTIONS and/or damages against EMPLOYER, then EMPLOYER would pay reasonable attorney's fees and all other reasonable expenses of collection, including audit fees.

32.    Under Sections 515 and 502(g) of ERISA, EMPLOYER is liable to the TRUST FUNDS not only for the amount of delinquent MONTHLY CONTRIBUTIONS but also (a) for pre-judgment and post-judgment interest on the

-10-

348690.1

delinquent sums (as provided for in Section 502(g) of ERISA); (b) for the higher of interest or liquidated damages (as provided for in Section 502(g) of ERISA); (c) for attorneys' fees; and (d) for other relief permitted by Section 502(g) of ERISA.

### SECOND CLAIM FOR RELIEF

**Damages for Breach of Fiduciary Duties in Violation of ERISA**

**(Against EMPLOYER and F&L MARQUEZ)**

33.     Plaintiff repeats and realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 32 above.

34.     Plaintiff is informed and believes and thereon alleges that F&L MARQUEZ were and still are parties in interest, the agents, managing officers, directors, managing employees, and/or beneficial owners of EMPLOYER with the authority to direct, control, and/or manage the business affairs of EMPLOYER including the disposition of EMPLOYER'S assets.

35.     Plaintiff is informed and believes and thereon allege that EMPLOYER, F&L MARQUEZ were and still are fiduciaries with respect to the TRUST FUNDS within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), in that they exercised discretionary authority or control respecting management or disposition of assets of the TRUST FUNDS.

36.     The AGREEMENTS require that EMPLOYER deduct MONTHLY CONTRIBUTIONS due to the CONSTRUCTION LABORERS VACATION TRUST FUND FOR SOUTHERN CALIFORNIA ("VACATION FUND") from EMPLOYER'S employees' weekly paychecks, in the amounts specified.  Such deductions are "amounts that a participant has withheld from his wages by an employer, for contribution" to the TRUST FUNDS, which thus become assets of the TRUST FUNDS within the meaning of 29 C.F.R. § 2510.3-102, "as of the earliest date on which such contributions . . . can reasonably be segregated from the

-11-

348690.1

employer's general assets."

37.    On "public works" as defined by California Labor Code § 1720, the EMPLOYER was required to pay a minimum "prevailing" or "per diem" wage, including amounts which could either be paid directly on the weekly paycheck to employees, or contributed as "employer payments" (as defined in Labor Code § 1773.1) which includes payments to the TRUST FUNDS.  The EMPLOYER employed workers on such public works for the CITY covered by the AGREEMENTS, and EMPLOYER'S certified payroll records on the CITY'S projects (pursuant to Labor Code § 1776) certified the amounts being paid and withheld from the employees' required prevailing wage, of which the benefit portion was required to be contributed to the TRUST FUNDS in satisfaction of the prevailing wage required law.  The U.S. Department of Labor has taken the position that such amounts are "amounts that a participant has withheld from his wages by an employer, for contribution" to the TRUST FUNDS, which become assets of the TRUST FUNDS within the meaning of 29 C.F.R. § 2510.3-102, "as of the earliest date on which such contributions . . . can reasonably be segregated from the employer's general assets."

38.    Plaintiff is informed and believes that, instead of turning over the portions of the prevailing wage the EMPLOYER deducted from the employees' weekly paychecks earmarked for payment to the TRUST FUNDS, that the EMPLOYER and/or F&L MARQUEZ kept those amounts for their own use, and did not segregate or turn them over to the TRUST FUNDS.

39.    Plaintiff is informed and believes that F&L MARQUEZ are the persons responsible for preparing and issuing certified payroll reports to public agencies under Labor Code § 1776, and responsible for the certification that such amounts would be paid to the TRUST FUNDS as part of the prevailing wage obligation.  Plaintiff is further informed and believes that F&L MARQUEZ had discretionary authority or control over sufficient, segregable funds to pay the amounts certified under penalty of perjury, that would be withheld from employees' weekly wages for contribution to the

-12-

348690.1

TRUST FUNDS in order to meet prevailing wage obligations, including the authority to write checks on the accounts in which such funds were held, but instead kept them for his own use, or for the use of the EMPLOYER.

40.   By their discretionary authority or control over the management or disposition of assets of the TRUST FUNDS, specifically to VACATION FUND as well as the fringe benefit component of prevailing wages on public works, described above, EMPLOYER and F&L MARQUEZ are fiduciaries of the TRUST FUNDS within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

41.   The amount of the delinquent MONTHLY CONTRIBUTIONS referenced herein above were and still are due and owing to the TRUST FUNDS and are assets of the TRUST FUNDS within the meaning 29 U.S.C. §§ 1001-1003, 1021-1031, 1111-1114 and 18 U.S.C. § 664.  The amounts will be proven at the time of trial or other hearing, plus interest at the plan rate(s).

42.   By failing to timely account for and turn over the assets of the TRUST FUNDS described above, by failing to apply such assets for the exclusive benefit of participants and beneficiaries of the TRUST FUNDS, and instead using those assets for their own benefit, EMPLOYER, F&L MARQUEZ breached their fiduciary duties to the TRUST FUNDS within the meaning of sections 404(a)(1)(A), (B) and (D), of ERISA, 29 U.S.C. §§ 1104(a)(1)(A), (B) and (D).

43.   Plaintiff is informed and believes and thereon alleges that the acts and omissions to act by EMPLOYER and F&L MARQUEZ constitute misuse, misappropriation and/or conversion from employee benefit plans within the meaning of 18 U.S.C. § 664 and breach of their fiduciary obligations within the meaning of 29 U.S.C. § 1104 through §1106.

44.   Pursuant to § 409 of ERISA, 29 U.S.C. § 1109, F&L MARQUEZ  are personally liable for damages to the TRUST FUNDS, and to make good to the TRUST FUNDS any losses to them resulting from each such breach of their fiduciary duties, and to restore to the TRUST FUNDS any profits which have been made

-13-

through their use of these assets of the TRUST FUNDS.  Plaintiff seeks an accounting from EMPLOYER, F&L MARQUEZ of the amount and disposition of these assets.

45.     Plaintiff requests that it be awarded its costs and reasonable attorney's fees pursuant to § 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1), and such other remedies as may be available pursuant to ERISA §§ 409(a) and 502(a)(2), 29 U.S.C. §§ 1109(a) and 1132(a)(2).

## THIRD CLAIM FOR RELIEF
### FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF
### (AGAINST EMPLOYER AND F&L MARQUEZ)

46.     Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in paragraphs 1 through 45, inclusive as though fully set forth herein.

47.     As part of its obligations under the AGREEMENTS, EMPLOYER is required to submit monthly reports to the TRUST FUNDS indicating the names, social security numbers and number of hours worked by each laborer it employed. EMPLOYER is required to pay to the TRUST FUNDS, at the time the report is submitted, an amount equal to the total number of laborers hours worked (or paid for), multiplied by the applicable MONTHLY CONTRIBUTION rates.

48.     EMPLOYER has failed to comply with the provisions of the AGREEMENTS as follows:  during time periods from March 2018 to September 2018, EMPLOYER failed to submit its monthly contribution reports with payment of the amounts owed as required by the AGREEMENTS, and the audits of EMPLOYER'S records disclosed 607 additional hours worked by employees which were required to be reported and MONTHLY CONTRIBUTIONS paid to the TRUST FUNDS for those hours worked and but for the audits of the EMPLOYER'S records the MONTHLY CONTRIBUTIONS owed would not have been discovered by the

-14-

TRUST FUNDS.   EMPLOYER has further required Plaintiff to seek collection of the MONTHLY CONTRIBUTIONS from third parties, and but for the claims asserted for the MONTHLY CONTRIBUTIONS, payment would not have been made.

49.     By reason of the actions by EMPLOYER and F&L MARQUEZ, the TRUST FUNDS have suffered and will continue to suffer extreme hardship and actual and impending irreparable injury and damage in that employee beneficiaries of the TRUST FUNDS acquire eligibility for health and welfare benefits and pension benefits by tabulating the number of hours reported by EMPLOYER and all contributing employers during each monthly period.  The funds necessary to pay all anticipated health and welfare claims and pension claims based upon the number of hours reported to the TRUST FUNDS on behalf of individual employees.  In addition, the amount of benefits payable to all employees for health and welfare and pension claims is actuarially determined on the basis of funds projected to be received from contributing employers.  The submission of monthly report forms from EMPLOYER without the required payments necessarily contributes to the total potential liability of the TRUST FUNDS for health and welfare and pension claims without the TRUST FUNDS being able to readjust or recompute benefit levels based upon EMPLOYER'S failure to pay MONTHLY CONTRIBUTIONS on a monthly basis.  Further, EMPLOYER'S failure to timely pay MONTHLY CONTRIBUTIONS have cause substantial expense to the TRUST FUNDS in seeking payment from third parties.

50.     Sections 502(a)(3) and 502(g)(2)(E) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2)(E), specifically authorizes this Court to enter injunctive relief for such violations of the plan and ERISA.  Injunctive relief is appropriate here to require the EMPLOYER to fulfill its obligations under the AGREEMENTS and ERISA.

51.     It has been necessary for Plaintiff to engage counsel to bring this action to compel compliance with the AGREEMENTS provide that in the event litigation is necessary with respect to any of the MONTHLY CONTRIBUTIONS and/or damages, EMPLOYER would pay reasonable attorneys' fees and all other reasonable expenses

348690.1

of collection, including audit fees.

## FOURTH CLAIM FOR RELIEF
### ENFORCEMENT OF PAYMENT BONDs
### (Against ORTIZ,  FIDELITY and DOE 1 THROUGH DOE 5, INCLUSIVE)

52.    Plaintiff repeats and realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 32 above.

53.    Plaintiff is informed and believes and thereupon alleges that the CITY entered into  contracts with ORTIZ for the construction or repair upon  works of improvement for the CITY on the following projects:

A.    A project known for the CITY known as the "Black Mountain Recycled Water Tank Modification Design & Build" project  ("BLACK MOUNTAIN PROJECT").  ORTIZ in turn subcontracted portions of the work of improvement on the BLACK MOUNTAIN PROJECT to EMPLOYER.

B.    A project for the CITY known as the "AC Water Group 1028" project ("AC WATER PROJECT").  ORTIZ in turn subcontracted portions of the work of improvement on the AC WATER PROJECT to EMPLOYER.

C.    A project for the CITY known as the "Sewer & Water Group 701" project ("SEWER & WATER PROJECT").  ORTIZ in turn subcontracted portions of the work of improvement on the SEWER & WATER PROJECT to EMPLOYER.

The BLACK MOUNTAIN PROJECT, AC WATER PROJECT and SEWER & WATER PROJECT will collectively hereinafter be referred to as "ORTIZ PROJECTS".

54.    Pursuant to those contract(s) and subcontract(s), LABORERS performed actual labor in the construction of the works of improvement upon the ORTIZ PROJECTS described herein above, expending numerous hours for which

-16-

348690.1

EMPLOYER promised and agreed to pay wages and MONTHLY CONTRIBUTIONS to and on behalf of its employees, including LABORERS listed on Exhibits "1", "2" and 3" for work performed on the ORTIZ PROJECTS.

55.     The ORTIZ PROJECTS are "public works" as defined in Cal. Labor Code § 1720 and work performed on it is performed pursuant to a "public works contract" as defined in Cal. Civ. Code § 8038.  Pursuant to Cal. Labor Code § 1771, the "general prevailing rate of per diem wages" must be paid to all workers employed on the ORTIZ PROJECTS.  The work of the LABORERS of EMPLOYER on the ORTIZ PROJECTS are covered by the EMPLOYER'S AGREEMENTS described above.

## LABOR PERFORMED ON PUBLIC PROJECT;
## UNPAID COMPENSATION

56.     EMPLOYER employed the LABORERS on the ORTIZ PROJECTS, subject to the terms and conditions of the AGREEMENTS, including the requirement of MONTHLY CONTRIBUTIONS as part of their total compensation.

57.     LABORERS' work on the ORTIZ PROJECTS was necessary for the construction, alteration or repair of buildings, improvements or structures upon the ORTIZ PROJECTS, and that work was performed at the instance and request of the EMPLOYER, ORTIZ and/or  the CITY.

58.     EMPLOYER failed to remit all MONTHLY CONTRIBUTIONS due by it to the TRUST FUNDS for all work covered under the AGREEMENTS performed by the LABORERS, in addition to travel time to and from the ORTIZ PROJECTS and to EMPLOYER'S place of business which is part of their compensation for work performed on the ORTIZ PROJECTS if said LABORERS were required to report to EMPLOYER'S place of business prior to traveling to the site of said Projects.

59.     Plaintiff is authorized to proceed with a claims on the ORTIZ PROJECTS pursuant to Civ. Code §§ 8024 and 9100 on behalf of the TRUST

348690.1

FUNDS and LABORERS, as having standing under applicable law to maintain a direct action for the MONTHLY CONTRIBUTIONS.  As a "laborer" defined in Civil Code § 8024, Plaintiff, the TRUST FUNDS and LABORERS are not subject to the requirement to give a preliminary 20-day notice under Civ. Code § 9300.

60.     Pursuant to Cal. Civ. Code § 9550, a labor and material payment bonds were obtained by ORTIZ on the ORTIZ PROJECTS and were issued by FIDELITY and/or DOE 1 through DOE 5 ("collectively "PAYMENT BOND SURETIES") as follows:

A.     On the BLACK MOUNTAIN PROJECT, bond number 1677178 as well as any other labor and material payment bond on the BLACK MOUNTAIN PROJECT, ("BLACK MOUNTAIN BONDS") naming ORTIZ as the principal and the CITY as the oblige;

B.     On the AC WATER PROJECT, bond number 0703334, as well as any other labor and material payment bond on the AC WATER PROJECT, ("AC WATER BONDS") naming ORTIZ as the principal and the CITY as the oblige;

C.     On the SEWER & WATER PROJECT, bond number 0703335,  as well as any additional labor and material payment bonds on the SEWER & WATER PROJECT ("SEWER & WATER BONDS")  naming ORTIZ as the principal and the CITY as the obligee.

The BLACK MOUNTAIN BONDS, AC WATER BONDS and SEWER & WATER BONDS will collectively hereinafter be referred to as "PAYMENT BONDS."

61.     The LABORERS listed on Exhibits "1" , "2" and "3" are persons described in Cal. Civ. Code §§ 8024 and 9100 to whom the PAYMENT BONDS issued by FIDELITY and the PAYMENT BOND SURETIES inure to the benefit of, as required by Cal. Civ. Code § 9554(c).  The TRUST FUNDS are entitled to seek that portion of the compensation of the LABORERS to be paid in the form of

348690.1

MONTHLY CONTRIBUTIONS on the PAYMENT BONDS, and thus, persons described in Cal. Civ. Code §§ 8024 and 9100, to whom the PAYMENT BONDS inure to the benefit of, as required by Cal. Civ. Code § 9554(c).

62.     Although Plaintiff and the TRUST FUNDS are not required to file a preliminary notice, (1) on or about August 29, 2018, Plaintiff sent a claim to FIDELITY through its agent, Stewart Surety & Insurance Services, Inc., and to ORTIZ on the BLACK MOUNTAIN PROJECT and BLACK MOUNTAIN BONDS relating to work performed by the LABORERS listed on Exhibits "1" covering the period from March 2018 to April 2018; (2) on or about August 29, 2018,  Plaintiff sent a claim to  FIDELITY on the AC WATER PROJECT and AC WATER BONDS relating to work performed by the LABORERS listed on Exhibit "2" covering the period from April 2018 to May 2018; and (3) on or about August 29, 2018,  Plaintiff sent a claim to  FIDELITY on the SEWER & WATER PROJECT and SEWER & WATER BONDS relating to work performed by the LABORERS listed on Exhibit "3" covering the periods from May 2018 to June 2018.

63.     The claims by the Plaintiff on each of the ORTIZ PROJECTS and PAYMENT BONDS total $7,292.30 as follows: (1) on the BLACK MOUNTAIN PROJECT the sum of $4,803.34; (2) on the AC WATER PROJECT the sum of $1,366.10,; and (3) on the SEWER & WATER PROJECT, the sum of $1,122.86, plus additional accrued interest on each claim after August 31, 2018 at the TRUST FUNDS' plan rate(s) currently 7.75% per annum.

64.     Plaintiff brings this action to enforce the claim against FIDELITY and PAYMENT BOND SURETIES on the PAYMENT BONDS pursuant to Cal. Civ. Code §§ 8024, 9100, 9558.

65.     Pursuant to Cal. Civ. Code §§ 9554 and 9564, Plaintiff is entitled to attorney's fees and costs in bringing this action to recover their claim against the PAYMENT BONDS.  In addition,  Plaintiff is entitled to recover  30 days extra compensation, at the contribution rates for LABORERS on each of the ORTIZ

348690.1

PROJECTS as a penalty under Cal. Labor Code § 203.5.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

## FOR PLAINTIFF'S FIRST CLAIM FOR RELIEF

1.     For the sum of $32,173.64, or according to proof, for delinquent fringe benefit MONTHLY CONTRIBUTIONS pursuant to the AGREEMENTS and 29 U.S.C. § 1132(g)(2)(A);

2.     Interest on the delinquent MONTHLY CONTRIBUTIONS, in the amount of $829.12 through October 18, 2018, or as subject to proof, as required by the AGREEMENTS and pursuant to 29 U.S.C. § 1132(g)(2)(B), plus additional accrued interest at the plan rate(s);

3.     For liquidated damages in the sum of $15,716.14, or as subject to proof, as required by the AGREEMENTS and 29 U.S.C. § 1132(g)(2)(C);

4.     For a total of $49,998.90 less a credit of $4,000.00 for a total claim of $45,998.90 plus additional amounts for MONTHLY CONTRIBUTIONS, liquidated damages, subcontracting violations, audit fees and interest at the plan rate(s) according to proof at the time of trial or other hearing.

5.     For reasonable attorney fees and costs of suit as required by the AGREEMENTS and 29 U.S.C. § 1132(g)(2)(D);

6.     For Plaintiff's costs of audit in the sum of $1,280.00 and subject to proof, in accordance with the AGREEMENTS and 29 U.S.C. § 1132(g)(2)(E);

7.     For such other and further relief as the Court deems proper.

## FOR PLAINTIFF'S SECOND CLAIM FOR RELIEF

1.     For unpaid MONTHLY CONTRIBUTIONS according to proof, owed by EMPLOYER and an accounting of all assets of the TRUST FUNDS which have not been turned over to the TRUST FUNDS, and any profits derived by EMPLOYER and/or F&L MARQUEZ therefrom;

-20-

2.      For personal liability of EMPLOYER and F&L MARQUEZ for their breaches of fiduciary duty, pursuant to ERISA § 409(a), 29 U.S.C. § 1109(a);

3.      For reasonable attorneys' fees and costs of suit pursuant to the 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1); and

4.      For such other and further relief as the Court deems proper and just, pursuant to ERISA §§ 409(a) and 502(a)(2), 29 U.S.C. §§ 1109(a) and 1132(a)(2).

## FOR PLAINTIFF'S THIRD CLAIM FOR RELIEF

1.      That this Court issue the following preliminary and permanent prohibitory and mandatory injunctions against EMPLOYER, and its managing officers, including F&L MARQUEZ, its agents, managing employees, successors, assigns, and all those in active concert or participation with EMPLOYER:

1.1.    That EMPLOYER be ordered to deliver the following, or cause to be delivered, to the TRUST FUNDS' offices no later than 4:30 p.m., on the 20th day of each month for the duration of the AGREEMENTS:

1.2.    A complete, truthful and accurate "Employers Monthly Report to Trustees" covering all employees which EMPLOYER employed who were covered by the AGREEMENTS commencing with EMPLOYER'S April 2017 report;

1.3.    An affidavit or declaration from a responsible officer of EMPLOYER and/or ARRIGHI attesting from his or her own personal knowledge under pain of perjury to the completeness, truthfulness and accuracy of the Employers Monthly Report to the Trustees; and

1.4.    A cashier's check made payable to the Southern California Laborers Trust Funds for the full amount of the MONTHLY CONTRIBUTIONS due on Employers Monthly Reports for each account for which a report is to be submitted.

2.      For reasonable attorney's fees;

3.      For costs of suit herein; and

4.      For such other and further relief as the Court deems proper and just.

## FOR PLAINTIFF'S FOURTH CLAIM FOR RELIEF

1.     For recovery against ORTIZ, and FIDELITY and PAYMENT BOND SURETIES on the PAYMENT BONDS on the ORTIZ PROJECTS pursuant to Cal. Civ. Code §§ 9550, 9554 & 9564; Cal. Civ. Proc. Code §§ 996.410, 996.430 and 996.440;

2.     For the sum of $4,803.34 in unpaid compensation in the form of MONTHLY CONTRIBUTIONS and interest guaranteed by the BLACK MOUNTAIN BONDS for work performed by LABORERS on the BLACK MOUNTAIN PROJECT plus additional accrued interested after August 31, 2018 pursuant to Cal. Labor Code § 218.6, Cal. Civ. Code § 3287 or the TRUST FUNDS' plan rate(s), whichever is greater, plus any additional amounts and accrued interest that may be determined at the time of trial or other hearing;

3.     For the sum of $1,366.10 in unpaid compensation in the form of MONTHLY CONTRIBUTIONS and interest guaranteed by the AC WATER BONDS for work performed by LABORERS on the AC WATER PROJECT, including interest through August 31, 2018, plus additional accrued interested thereafter pursuant to Cal. Labor Code § 218.6, Cal. Civ. Code § 3287 or the TRUST FUNDS' plan rate(s), whichever is greater, plus any additional amounts plus accrued interest that may be determined at the time of trial or other hearing;

4.     For the sum of $1,22.86 in unpaid compensation in the form of MONTHLY CONTRIBUTIONS guaranteed by the SEWER & WATER BONDS for work performed by LABORERS on the SEWER & WATER  PROJECT, including interest through August 31, 2018, plus additional accrued interested thereafter pursuant to Cal. Labor Code § 218.6, Cal. Civ. Code § 3287 or the TRUST FUNDS' plan rate(s), whichever is greater, plus any additional amounts plus accrued interest that may be determined at the time of trial or other hearing;

5.     For reasonable attorney fees and costs, pursuant to Cal. Civ. Code §§ 9554 and 9564 from the PAYMENT BONDS on each of the ORTIZ PROJECTS;

-22-

348690.1

1        6.     For 30 days extra compensation, at the contribution rates for

2   LABORERS on each of the ORTIZ PROJECTS as a penalty under Cal. Labor Code

3   § 203.5; and

4        7.     For such other and further relief that the Court deems just and proper.

5

6   DATED:  November 20, 2018       REICH, ADELL & CVITAN

7                                      A Professional Law Corporation

8

9                                   By: _/s/ Marsha M.  Hamasaki_____

10                                      MARSHA M. HAMASAKI

11                                      Attorneys for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

348690.1

-23-